13-4170-cv
*Utica Mut. Ins. Co. v. Munich Reins. Am., Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.
>
> > *Circuit Judges*.

_____

UTICA MUTUAL INSURANCE COMPANY,

> *Plaintiff-Appellant*,

- v. -                                                            No. 13-4170-cv

MUNICH REINSURANCE AMERICA, INC.,

> *Defendant-Appellee*.

_____

> MARY KAY VYSKOCIL, Simpson Thacher & Bartlett, New York, NY, *for Plaintiff-Appellant*.

> BRUCE M. FRIEDMAN, Rubin, Fiorella & Friedman LLP, New York, NY, *for Defendant-Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **VACATED.**

Plaintiff-Appellant Utica Mutual Insurance Company ("Utica") appeals from an order of the United States District Court for the Northern District of New York (Kahn, *J.*) granting summary judgment to Defendant-Appellee Munich Reinsurance America, Inc. ("Munich") on Utica's claims for breach of contract and declaratory judgment. Munich is Utica's reinsurer under a facultative reinsurance certificate[1] (the "Certificate") covering an umbrella policy issued by Utica to Goulds Pumps Inc. ("Goulds") in 1973, under which Utica has been exposed to millions of dollars in losses arising from asbestos lawsuits against Goulds. The Certificate contains a $5 million limit of liability, and it obligates Munich to reimburse Utica for expense payments in addition to losses. Munich has already paid $5 million under the Certificate, but Utica contends that Munich's liability for expenses is not subject to the Certificate's liability limit. Utica filed this action seeking recovery for unpaid expenses and a declaration that Munich is obligated to continue reimbursing it for expense payments. Munich's position is that the Certificate's $5 million limit includes expenses, and that its liability under the Certificate has therefore been exhausted.

Following discovery, Munich moved for summary judgment. Utica moved to continue discovery pursuant to Federal Rule of Civil Procedure 56(d), asserting that Munich had failed to produce discovery related to choice of law and the interpretation of the Certificate. The district court agreed with Munich that "the Certificate's limit of liability unambiguously applies to expenses" and therefore granted Munich's motion. It also denied Utica's motion to continue

---

[1] "In facultative reinsurance, a ceding insurer purchases reinsurance for a part, or all, of a single insurance policy." *Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 4 F.3d 1049, 1054 (2d Cir. 1993).

2

discovery, concluding that further discovery would not affect its choice-of-law analysis and that extrinsic evidence of the Certificate's meaning was inadmissible. Utica appeals both the grant of summary judgment and the denial of its motion to continue. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

This Court reviews a district court's grant of summary judgment de novo. *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000), "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "A dispute is not 'genuine' unless 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nabisco*, 220 F.3d at 45 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). We review a denial of a Rule 56(d) motion for abuse of discretion. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

We first address Utica's contention that genuine issues of material fact as to the Certificate's contents preclude summary judgment. The Certificate has two pages, and during discovery the parties were able to locate the first page, but not the second; only a "specimen" copy of the second page was produced. Contrary to Utica's argument, this does not preclude summary judgment in Munich's favor. The parties agree as to the period that the Certificate was in effect and the type of policy that it represented, and Munich has presented sufficient evidence for a jury to conclude that the actual Certificate's contents were the same as the specimen's. *See Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002). In response to this showing, Utica offers no evidence that the actual Certificate's contents differed from the specimen's, and

speculation cannot create a genuine issue of fact. *See Anderson*, 477 U.S. at 248. Additionally, Utica attached the specimen copy to its complaint and did not raise questions as to its authenticity until faced with Munich's summary judgment motion. Given that there was no factual dispute as to the Certificate's contents and that both parties represented that they could not locate the original second page, the district court did not abuse its discretion in denying Utica's motion to continue on the ground that the original Certificate had not yet been produced.

Because there is no genuine dispute as to the Certificate's contents, there is no genuine dispute as to whether the Certificate contains a choice-of-law clause – it does not. In the absence of a choice-of-law clause, New York's choice-of-law rules prescribe an "interest analysis" in contract cases. *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 137 (2d Cir. 1991). This analysis requires locating the state with the greatest interest in the litigation based on "factors such as the place of: (1) contracting, (2) negotiation of the contract, (3) performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties." *Id.* Based on the extent of Utica's contacts with New York and the division of Munich's contacts between Connecticut and New Jersey, the district court correctly determined that New York law applies. Utica also failed to identify any evidence that, if disclosed by Munich, might alter that determination. Thus, it was not an abuse of discretion to deny Utica's request for further discovery on choice of law.

Under New York law, "[i]f the court finds that the contract is not ambiguous it should assign the plain and ordinary meaning to each term and interpret the contract without the aid of extrinsic evidence." *Alexander & Alexander Servs., Inc. v. Certain Underwriters at Lloyd's*, 136 F.3d 82, 86 (2d Cir. 1998). The district court held that the Certificate's $5 million liability limit unambiguously

4

includes expenses, and it therefore refused to consider extrinsic evidence submitted by Utica. We disagree: the Certificate is ambiguous.

A contract is ambiguous when its terms could suggest "more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906 (2d Cir. 1997). In relevant part, the Certificate provides:

> 1. The Reinsurer [Munich] agrees to indemnify the Company [Utica] against losses or damages which the Company is legally obligated to pay under the policy reinsured, resulting from occurrences taking place during the period this Certificate is in effect, subject to the reinsurance limits shown in the Declarations. . . .

> 2. The Company shall settle all claims under its policy in accordance with the terms and conditions thereof. If the reinsurance hereunder is pro rata, the Reinsurer shall be liable for its pro rata proportion of settlements made by the Company. If the reinsurance hereunder is excess, the Reinsurer shall be liable for its excess proportion of settlements made by the Company after deduction of any recoveries from pro rata reinsurance inuring to the benefit of the Reinsurer.

> 3. The Reinsurer shall be liable for its proportion of allocated loss expenses incurred by the Company in the same ratio that the Reinsurer's share of the settlement or judgment bears to the total amount of each settlement or judgment under the policy reinsured. . . .

J.A. 21, 34.3. The "declarations" section of the Certificate provides, among other things, that the "limit of liability ceded to and accepted by" Munich is $5 million in excess of $5 million of Utica's liability under the Goulds umbrella policy. J.A. 20, 34.2.

We agree with Utica that the Certificate can be read to exclude expenses from Munich's $5 million limit of liability. The fact that Munich's obligation to indemnify Utica against "losses or damages" is expressly made "subject to" the Certificate's limit of liability suggests that the parties

5

intended to exclude Munich's liability for expenses – which is *not* expressly made "subject to" the limit of liability – from that limit.

However, Utica's interpretation is not obviously correct. Munich's liability for settlement payments is not expressly made "subject to" the Certificate's $5 million limit of liability, yet Utica does not argue that the limit of liability excludes settlements. Thus, the first paragraph quoted above could operate as a general provision that limits *all* of Munich's liability under the Certificate to $5 million, whereas the subsequent paragraphs describe Munich's obligations more specifically, without removing them from the limit. Although this latter reading is certainly plausible, we do not think the parallel absence of "subject to" language in the paragraphs describing settlements and expenses is fatal to Utica's position. If settlement payments are "losses or damages," then Munich's liability for settlements is separately limited to $5 million by virtue of the first paragraph's "subject to" clause. The Certificate defines "loss expenses" separately, so it is possible that settlements are "losses or damages" while expenses are not. *Cf.* J.A. 580 (Affidavit of Utica's expert witness: "An example of a *loss* payment" under the Goulds umbrella policy "is a payment to *settle* one of the Underlying Claims." (emphasis added)). Accordingly, we conclude that the Certificate is ambiguous as to whether its limit of liability includes expenses.

In holding that the Certificate's limit of liability unambiguously includes expenses, the district court concluded that three prior decisions – two from this Court and one from the New York Court of Appeals – established a presumption that limits of liability in facultative reinsurance certificates are unambiguously expense-inclusive. But those decisions interpreted different policies than the one at issue in this case. The former two cases turned on a provision in the policies at issue that expressly made all of the reinsurers' obligations "subject to" the limit of liability; they did not hold that a limit

6

of liability, without such "subject to" language, is presumptively expense-inclusive. *See Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 4 F.3d 1049, 1071 (2d Cir. 1993); *Bellefonte Reins. Co. v. Aetna Cas. & Sur. Co.*, 903 F.2d 910, 914 (2d Cir. 1990). In the third case, *Excess Insurance Co. v. Factory Mutual Insurance Co.*, the Court of Appeals arguably extended the rationale of our earlier decisions and suggested that a limit of liability, standing alone, *is* presumptively expense-inclusive because it serves to cap a reinsurer's total exposure (for losses and expenses) at a specific, negotiated amount. 822 N.E.2d 768, 771-72 (N.Y. 2004). This presumption may best reflect the contracting parties' intentions in the mine run of cases, but in the reinsurance context as in any other, a party is bound by the terms to which it has agreed. And unlike the district court, we do not read *Excess* as holding that any presumption of expense-inclusiveness can be rebutted only through express language or a separate limit for expenses. As we have explained, the Certificate's statement that "losses or damages" are "subject to" the limit of liability reasonably implies that expenses are not. Although this negative implication is not strong enough – in the context of the Certificate as a whole – to demonstrate that expenses are unambiguously excluded from the limit of liability, we think it is sufficient to render the Certificate ambiguous, even in light of *Excess*.

Accordingly, interpreting the Certificate requires consideration of extrinsic evidence. *See Alexander & Alexander*, 136 F.3d at 86. We decline to undertake this analysis in the first instance. The district court did not consider extrinsic evidence, so we do not have the benefit of its views. Moreover, the record may require further development: Munich has not presented any extrinsic evidence in support of its position, and while Utica has done so, it argued below that further discovery was required.[2] We note, however, that our conclusion that the relevant provision of the

---

[2] Because we remand for further proceedings, we need not determine whether it was an abuse of the district court's discretion not to grant Utica's motion to continue on the ground that Munich had allegedly failed to produce certain extrinsic evidence.

Certificate is ambiguous should not be read to suggest that Utica is likely to or should prevail following consideration of extrinsic evidence. Indeed, upon consideration of such evidence, the district court may yet determine that the concerns highlighted by the Court of Appeals in *Excess* require, or at least counsel, the interpretation of the Certificate that Munich urges. We also do not address an alternative argument, not reached by the district court, on which Munich claims entitlement to summary judgment: that Utica's expense payments to Goulds were not required under the umbrella policy.

\* \* \*

We have reviewed Munich's remaining contentions and find them to be without merit. For the foregoing reasons, Munich is not entitled to summary judgment on the grounds relied upon by the district court. The judgment of the district court is therefore **VACATED**, and this case is **REMANDED** for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8